WESLEY C. MILLER, Appellant, *v.* THE MAYOR, ALDER-
MEN AND COMMONALTY OF THE CITY OF NEW YORK,
Respondent.

The city of New York is not liable for services rendered on the employ-
ment of the commissioners of the New York county court house, under
the provision of the act of 1871 (§ 7, chap 583, Laws of 1871) making ·
an appropriation and authorizing the said commissioners to expend the
same for the completion of said building, and directing the comptroller
to pay over to them the sum appropriated, or so much as should be
needed, upon their requisition.

*It seems*, that in case of refusal of the comptroller to raise and place to the
credit of the commissioners the moneys required, it is for them to take
action to compel obedience to the statute ; and if they do not avail them-
selves of the means provided by law to procure money to defray obliga-
tions properly incurred, the claimant will then have his remedy

(Argued January 20, 1879 ; decided January 28, 1879.)

APPEAL from judgment of the General Term of the Court
of Common Pleas, in and for the city and county of New
York, affirming a judgment in favor of defendant, entered
upon an order sustaining a demurrer to plaintiff's complaint.

The complaint alleged, in substance, that plaintiff, under
and by virtue of authority conferred by statute, was employed
by the new county court house commissioners as their clerk
or secretary, and his compensation fixed at three thousand
dollars ($3,000) per annum , that he performed all the
duties of his office up to the first day of May, 1873 ; that
from the first day of June, 1872, to the first day of May,
1873, he has not been paid ; "that the said county court
house commissioners have audited and allowed the claim of
plaintiff, and have certified the same to the comptroller of
the city of New York, and have made requisitions on said
comptroller to raise and place to their credit an amount of
money, more than sufficient to pay, and out of said sum to
pay this plaintiff, but that said comptroller has refused and
neglected so to do ; that the appropriation authorized by

statute, to be raised and expended in the construction of said court house, under the direction of said commissioners, has not been exhausted, but there still remains of such appropriation an amount sufficient to meet and defray all the liabilities and expenses incurred therefor by said commissioners, and sufficient to pay this plaintiff for his said services ; that by the provision of chapter 304 of the Laws of 1874, known as 'the consolidation act,' all the property and funds of the county of New York were vested in the defendants in this action, and said defendants are made liable for any and all charges and liabilities then existing against said county." And plaintiff demanded judgment for the amount of salary unpaid.

The demurrer was upon the ground that the complaint did not state facts constituting a cause of action.

*Elliot Sanford,* for appellant. The plaintiff properly brought his action against the city. (*Olney* v. *Wickes,* 18 J. R., 122 ; *Walker* v. *Swartout,* 12 id., 444 ; *Macbeth* v. *Haldiman,* 1 T. R., 172 ; *Belknap* v. *Reinhart,* 2 Wend , 376 ; *Rathbon* v. *Budlong,* 15 J. R., 1 ; *Randall* v. *Van Vechten,* 19 id., 60 ; *Nicholls* v. *Moody,* 22 Barb., 611 ; *Hall* v. *Landerdale,* 46 N. Y., 70 ; *Clark* v. *The Mayor,* 3 Barb., 288 ; *Bailey* v. *The Mayor,* 3 Hill, 531 ; *Appleton* v. *The Water Comm.,* 2 id., 432 ; *Barnes* v. *District of Columbia,* 1 Otto, 540 ; *Wood* v. *The Mayor,* 7 Hun, 167 ; *Bancker* v. *The Mayor,* 8 id., 409 ; *Deyoe* v. *Saratoga Springs,* 1 id., 341.) No action was necessary against the commissioners. (*New York Bal. Dock Co.* v. *Mayor,* 8 Hun, 247 ; *Hall* v. *City of Buffalo,* 2 Abb. Ct. App. Dec., 301 ; *Parker* v. *Syracuse,* 31 N. Y., 379.) Payment of plaintiff's claim was authorized out of a particular fund ; payment from that fund having been refused, a liability to pay from the general fund arose. (31 Barb., 142 ; 11 Pai., 596 ; *Baldwin* v. *Oswego,* 1 Abb. Ct. App. Dec., 62, 75; §§ 2, 3 and 4, chap. 304, Laws of 1874.) The allegation in the complaint that there were unexpended funds was unnecessary, and although alleged

need not be proved. (*Bedell* v. *Carll*, 33 N. Y., 581 ; *Dennis* v. *Smell*, 50 Barb., 95 ; *Van Rensselaer* v. *Gallup*, 5 Den., 454 ; *Williams* v. *Tilt*, 36 N. Y., 323 ; *Van Nest* v. *Talmage*, 17 Abb., 99, 105 ; *Van Demark* v. *Van Demark*, 13 How., 372 ; *Sands* v. *St. John*, 36 Barb., 628 ; Moak's Van Sant., 254, 255* ; 1 E. D. Smith, 631 ; 13 How., 102, 372 ; 17 Barb., 143.) As against the plaintiff, the defendants have no right to retain the money earned by him. (*Dock Co.* v. *The Mayor*, 8 Hun, 247 ; *Cunsidere* v. *Beers*, 1 Abb. Ct. Dec., 333 ; *Chicago, etc.,* v. *Moffitt*, 75 Ill., 524 ; *Thompson* v. *Abbott*, 61 Mo., 176.)

*D. J. Dean*, for respondent. Plaintiff was not entitled to recover of defendant in this action. (Laws 1870, chap. 382, § 11 ; Laws 1871, chap. 583, § 8 ; *People ex rel. Purser* v. *Green*, 2 Thomp. & Cook Sup. Ct. R., 108 ; *People* v. *Green*, id., 90 ; *Callahan* v. *Mayor*, 6 Daly, 230; *Walling* v. *The Mayor*, 2 Hun, 263 ; S. C., 62 N. Y., 160.) The city was only liable to judgment if payment upon approved vouchers has been refused. (*Wood* v. *Mayor*, 7 Hun, 164.)

DANFORTH, J. The allegations in the complaint were evidently designed to bring the case within the provisions of the *act of* 1871, *chap.* 583, § 7, and the action instituted upon the theory that the defendant would be liable to pay the plaintiff for services rendered in the employment of the commissioners referred to in that statute.

In this the plaintiff errs. The commissioners were, it is true, appointed by the mayor, but his authority to make the appointment was derived from the Legislature and not from the corporation or its charter. The duties and the power of the commissioners were conferred by statute — and were limited and specific. Under the act of 1871, chapter 583, § 7, the sum of $750,000 was to be appropriated to be expended under the direction and supervision of these commissioners in the completion of the court house, and the

comptroller of the city of New York is required on the requisition of the commissioners to pay in to their credit such sum or sums as they may from time to time deem necessary for said purpose. Assuming then but not deciding that the commissioners had power to employ the plaintiff as their clerk, it is plain that he has no claim against the defendant in the present aspect of his case. If the comptroller does indeed refuse, as the plaintiff alleges, to receipt and place to the credit of the commissioners the money they desire, it will be for them to take action to compel his obedience to the statute. And if they do not avail themselves of the means afforded by law to procure money with which to discharge obligations properly incurred, the plaintiff will then have his remedy. (3 T. & C. Sup. Ct. Rep., 90; *People ex rel. Bagley* v. *Green, Comptroller, etc.; People ex rel. Purser* v. *Same*, 3 T. & C., p. 108 ; *Maxmilian, Adm.*, v. *The Mayor*, etc., 62 N. Y., 160.)

The appellant's counsel however insists that his complaint should be liberally construed ; but conceding this to be the rule, I can find nothing in the complaint at all calculated to raise even a suspicion in the defendant's mind that the action was predicated upon the provisions of the act of 1870 also referred to. It is true, as the counsel states, that an appropriation was made under the act of 1870 as well as under that of 1871. And the plaintiff alleges " that the appropriation authorized by statute to be raised and expended in the construction of said court house under the direction of said commissioners has not been exhausted," but this allegation follows the statements to which I have above referred so as to bring the case within the act of 1871. And whatever may have been the intention of the pleader the only construction of which it is fairly susceptible is that the appropriation referred to is the one which the comptroller is " to raise and place to the credit " of the commissioners. As it is possible however that the plaintiff has a cause of action which properly stated will entitle him to relief, he should be allowed to amend his complaint if he so desires.

The judgment should be affirmed, and the plaintiff have leave to amend his complaint upon payment of costs.

All concur.

Judgment accordingly.